**Anthony A. WHITEHURST, Plaintiff–Appellant**

v.

**Charley VALDEZ, Texas Department of Criminal Justice; Willie Velasquez, Texas Department of Criminal Justice; Troy Fox, Texas Department of Criminal Justice; others as of yet unknown, Defendants–Appellees.**

No. 07–50510

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 2008.

Anthony A. Whitehurst, pro se.

Marjolyn Carol Gardner, Assistant Attorney General, Office of the Attorney General, Law Enforcement Defense Div., Austin, TX, for Defendants–Appellees.

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM: *

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Appellant sued officials of the Texas Department of Criminal Justice for failing to properly calculate his time-served in various forms of State custody, leading to (a) his having remained in Texas prison longer than necessary and (b) the Federal Bureau of Prisons' miscalculation of his subsequent federal release date. The district court held alternatively that Whitehurst's complaint was time barred under the Texas limitations period applicable in a § 1983 suit, or that the individual defendants were entitled to immunity because they were not responsible for the miscalculations that harmed Whitehurst. The latter proposition is incontestable. The former proposition is supported at Rec II:303 where a letter Whitehurst wrote in 2003 acknowledged that he knew as early as 1997 that the State had failed to credit the time served. We need not reach any potential *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) bar to this suit, and Whitehurst's other contentions lack merit. We find no reversible error in the court's opinions and AFFIRM the judgment of dismissal.